UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRAIG DAVIS | CIVIL ACTION |
| VERSUS | No. 10-875 |
| BRYCE KARL, CAPITAL MANAGEMENT GROUP WEALTH ADVISORS, INC., MICHAEL ROWAN, AND JASON JERNIGAN | SECTION I |

## ORDER AND REASONS

Defendants, Michael Rowan ("Rowan") and Capital Management Group Wealth Advisors, Inc. ("CMG"), have filed a motion to dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Defendant, Jason Jernigan ("Jernigan"), has adopted such motion and requests similar relief.[2] Plaintiff, Craig Davis ("Davis"), has opposed the motions to dismiss. For the following reasons, the motions to dismiss[3] are **GRANTED IN PART** and **DENIED IN PART.**

### *BACKGROUND*

Plaintiff alleges that in early 2007, Rowan, Jernigan, and CMG approached plaintiff, offering to provide financial services, including investment and securities advice, and offering to manage plaintiff's bank accounts.[4] Plaintiff alleges that Rowan, Jernigan, and CMG "represented to Plaintiff that they had the proper knowledge, training, experience and licenses to competently

---

[1] R. Doc. No. 21.

[2] Jernigan's motion adopts the arguments made by Rowan and CMG in full. R. Doc. No. 23, p. 1. Defendant, Bryce Karl, is not a party to the present motion to dismiss.

[3] R. Doc. Nos. 21; 23.

[4] R. Doc. No. 1, p. 2.

provide financial services, including investment and securities advice."[5]  Plaintiff alleges that "[u]nbeknownst to Plaintiff, CMG, Rowan and Jernigan did not hold any licenses authorizing them to provide investment and/or securities advice."[6] Plaintiff alleges that he relied upon those defendants' representations and that he retained Rowan, Jernigan, and CMG to provide him with financial services including investment and securities advice.[7]

Plaintiff alleges that "[i]n or about the third quarter of 2007," Rowan, Jernigan, and CMG contacted plaintiff "to render investment advice in connection with the offer, sale and purchase of securities by [defendant, Bryce Karl ("Karl"),] in Teton Air Ranch, LLC [("TAR"),] a limited liability company organized under the laws of the State of Idaho."[8]  Plaintiff avers that those defendants introduced him to Karl in order to solicit plaintiff's investment in TAR.[9]

Plaintiff alleges that on February 1, 2008, March 11, 2008, and May 2, 2008, Rowan, Jernigan, and CMG withdrew $100,000, $150,000, and $250,000, respectively, from plaintiff's bank account and represented to plaintiff that such sums were paid to TAR. Plaintiff alleges that the money, totaling $500,000, was actually paid to Karl.[10]

Plaintiff alleges that defendants "made various material representations to Plaintiff regarding the securities in TAR, including . . . that the securities were 'being made pursuant to

---

[5]*Id.* at p. 2.

[6]*Id.* at p. 3.

[7]*Id.* at p. 3.

[8]*Id.* at p. 3.

[9]*Id.* at pp. 3-4.

[10]*Id.* at p. 5.

exemptions available under the Securities Act of 1933.'"[11] However, according to plaintiff, the TAR securities were not exempt under the Securities Act of 1933.[12]

Plaintiff further alleges that on December 12, 2007, Rowan, Jernigan, and CMG transferred $25,000 out of plaintiff's bank account for their services to-be-provided from August 1, 2008 through July 13, 2009 and that on December 29, 2008, Rowan, Jernigan, and CMG transferred $20,000 out of plaintiff's bank account as an advance payment for their services to-be-provided from August 1, 2009 through July 31, 2010.[13] Plaintiff alleges that he terminated his relationship with Rowan, Jernigan, and CMG on or about the first quarter of 2009 and that he has demanded the return of any pre-paid amounts for services that were not provided.[14]

Plaintiff asserts claims against Rowan, Jernigan, and CMG for breach of fiduciary duty, fraudulent misrepresentation, fraud in the inducement, violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), civil conspiracy,[15] conversion, unjust enrichment, negligence, and breach of contract.[16]

---

[11]*Id.* at p. 6.

[12]*Id.*

[13]*Id.*

[14]*Id.* at p. 7.

[15]Plaintiff alleges that Rowan, Jernigan, and CMG are liable for conspiracy to commit fraud, conspiracy to commit violations of the LUTPA, conspiracy to commit conversion, conspiracy to commit unjust enrichment, conspiracy to violate Section 12(a)(2) of the 1933 Securities Act, and conspiracy to commit breaches of fiduciary duty. On August 16, 2010 plaintiff's counsel informed the Court that plaintiff is not asserting a cause of action against defendants for conspiracy to commit unjust enrichment or for conspiracy to commit negligence.

[16]Plaintiff also contends that Karl is liable for fraudulent misrepresentation, fraud in the inducement, violations of Louisiana Unfair Trade Practices Act ("LUTPA"), civil conspiracy, conversion, unjust enrichment, breach of contract, and violations of Section 12(a)(2) of the 1933 Securities Act.

In their motions to dismiss, Rowan, Jernigan, and CMG contend that plaintiff has failed to state a claim for fraud, civil conspiracy, and unfair trade practices and that plaintiff's LUTPA claims are perempted.

*LAW & ANALYSIS*

**I.      STANDARD OF LAW**

*A. Rule 12(b)(6) of the Federal Rules of Civil Procedure*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999);

4

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,*197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009)(quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986)).

*B. Rule 9(b) of the Federal Rules of Civil Procedure*

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The particularity requirement of Rule 9(b) also governs a conspiracy to commit fraud." *In Re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 759, 766 (S.D. Tex. 2007)(citation omitted). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In other words, "the who, what, when, and where must be laid out. . . ." *Id*. at 178.

"A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.' The particularity demanded by Rule 9(b) is supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring 'enough facts [taken as true] to state a claim to relief that is plausible on

5

its face.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009)(quoting *Twombly*, 550 U.S. at 570). As the Fifth Circuit further explained:

> In cases of fraud, Rule 9(b) has long played [a] screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. We apply Rule 9(b) to fraud complaints with "bite" and "without apology," [*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir.1997),] but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not "reflect a subscription to fact pleading[," *id.*,] and requires only "simple, concise, and direct" allegations of the "circumstances constituting fraud," which after *Twombly* must make relief plausible, not merely conceivable, when taken as true.

*Id.* at 185-86.

"[A] plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (quoting *FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008)). A proper allegation of a conspiracy to commit fraud in a civil complaint must set forth facts showing with particularity:

> (1) what a defendant or defendants did to carry the conspiracy into effect; (2) whether such acts fit within the framework of the conspiracy alleged; and (3) whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff. In short, the complaint must allege some factual basis for a finding of a conscious agreement among the defendants.

*Southwest Louisiana Healthcare Sys. v. MBIA Ins. Corp.*, 2006 WL 2548183 at *4 (W.D. La. Aug. 31, 2006).

**II. ANALYSIS**

*A. Fraud*

Louisiana law defines fraud as "a misrepresentation or a suppression of the truth made with the intent either to obtain an unjust advantage for one party or to cause a loss or

6

inconvenience to the other." La. Civ. Code Ann. art. 1953 (2008). "Fraud may also result from silence or inaction." *Id*. In Louisiana, the elements of a claim for intentional misrepresentation and a claim for fraudulent inducement are the same: "(1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury." *Kadlec Medical Center v. Lakeview Anesthesia Assoc*., 527 F.3d 412, 418 (5th Cir. 2008) (internal emphasis omitted) (stating the elements of a claim for intentional misrepresentation); *see also Henry v. Cisco Systems, Inc.*, 106 F. App'x 235, 239 (5th Cir. 2004) (stating the elements of a claim for fraudulent inducement).

Defendants contend that plaintiff has failed to allege that defendants made specific misrepresentations and that plaintiff has failed to offer any specific facts supporting his claims of fraudulent misrepresentation and fraud in the inducement. Plaintiff has alleged that Rowan, Jernigan and CMG made intentional misrepresentations when they represented to plaintiff: (1) that they were licensed to provide certain types of financial advice when, in fact, they were not so licensed; (2) that the funds, totaling $500,000, which they withdrew from plaintiff's bank account on three occasions were paid to TAR when, in fact, they were paid to Karl; and (3) that plaintiff's investments in TAR securities were subject to certain exemptions under the Securities Act of 1933 when, in fact, the exemptions did not apply. Plaintiff has also stated facts sufficient to show injury, in the form of a financial loss, as a result of his justifiable reliance on the foregoing alleged misrepresentations by Rowan, Jernigan and CMG.

Construing all facts and allegations in the light most favorable to plaintiff, the Court finds that plaintiff has stated a claim for fraudulent misrepresentation and fraud in the inducement that could plausibly entitle plaintiff to relief. Moreover, the Court finds that plaintiff's complaint

7

meets the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff has identified those statements by Rowan, Jernigan, and CMG that plaintiff alleges to be fraudulent and plaintiff has described with the requisite particularity when and where the statements occurred and why they were fraudulent.

   *B. Conspiracy*

Louisiana Civil Code art. 2324 provides, in pertinent part: "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." La. Civ. Code art. 2324 (2006). Louisiana does not recognize an independent tort of civil conspiracy. *Butz v. Lynch*, 710 So.2d 1171, 1174 (La. App. Ct. 1998); *Rhyce v. Martin*, 173 F. Supp. 2d 521, 535 (E.D. La. 2001). "The actionable element under article 2324 is the intentional tort the conspirators agreed to commit and committed in whole or in part causing plaintiff's injury." *Rhyce*, 173 F. Supp. at 535.

In Louisiana, in order to recover under a conspiracy theory of liability, a plaintiff must prove: (1) that an agreement existed to commit an illegal or tortious act; (2) that the act was actually committed and resulted in plaintiff's injury; and (3) that there was an agreement as to the intended outcome. *Crutcher-Tufts Resources, Inc. v. Tufts*, 2010 WL 1727853 at *3 (La. Ct. App. Apr. 28, 2010).

Rowan, Jernigan, and CMG contend that plaintiff has failed to plead facts supporting a conspiracy because plaintiff "fails to allege a factual basis for a finding of a conscious agreement among"defendants [17] and because plaintiff has not alleged an agreement to commit an intentional tort.

Plaintiff alleges that "[d]efendants agreed with one another to act in concert with the purpose of rendering of [*sic*] investment advice in connection with the offer, sale, and purchase of

---

[17]R. Doc. No. 21-1, p. 13.

investments and securities, and in doing so, [d]efendants used a common scheme and artifice to *defraud* [p]laintiff."[18] The Court finds that plaintiff has sufficiently alleged a conscious agreement among those defendants.[19]

Plaintiff further alleges that "Defendants conspired, acted and continued to act in concert with one another pursuant to their agreement, and this agreement continued while all Defendants were committing acts in violation of LUTPA, conversion, breach of fiduciary duty. . .[and] violations of Section 12(a)(2) of the 1933 [Securities] Act. . ."[20] Plaintiff contends that the foregoing passage states a claim for conspiracy to commit certain intentional torts, namely: violations of the LUTPA, conversion, breach of fiduciary duty, and violations of § 12(a)(2) of the Securities Act of 1933.[21]

Courts have held that there is no federal cause of action for a conspiracy to commit a violation of § 12(a)(2).[22] Plaintiff's claim for conspiracy to commit a violation of that statute shall be dismissed.

Pursuant to "Louisiana law, a breach of fiduciary duty only arises in contract . . . [a] cause of action for conspiracy to breach a fiduciary duty lacks an essential element - an underlying intentional tort." *Louisiana v. Guidry*, 489 F.3d 692, 707 (5th Cir. 2007) (internal quotation

---

[18]R. Doc. No. 1, p. 13 (emphasis added).

[19] As discussed above, plaintiff has stated a sufficient factual basis with respect to his claims for fraudulent misrepresentation and fraud in the inducement against Rowan, Jernigan, and CMG.
Although Rowan, Jernigan, and CMG contend that plaintiff's use of the word "defendants" is vague, the Court observes that plaintiff has only named three individual defendants and that he has specifically stated that all of the defendants engaged in a conspiracy to commit the alleged intentional torts.

[20]R. Doc. No. 1, p. 13.

[21]*See* R. Doc. No. 29, p. 15 (citing R. Doc. No. 1, p. 13). On August 16, 2010, plaintiff's counsel informed the Court that plaintiff is not asserting a cause of action against defendants for conspiracy to commit unjust enrichment or for conspiracy to commit negligence and such claims were dismissed.

[22]*In re Newbridge Networks Securities Litigation*, 767 F. Supp. 275, 281 (D.D.C. 1991); *Mellette v. Branch,* 2009 WL 651142, at *9 (D. Colo. Mar. 12, 2009).

omitted). Therefore, plaintiff's claims for conspiracy to breach a fiduciary duty will also be dismissed. However, plaintiff has sufficiently alleged a conspiracy to violate the LUTPA[23] and a conspiracy to commit conversion.

*C. Plaintiff's LUTPA Claim*

The LUTPA confers a private right of action on "[a]ny person who suffers any ascertainable loss of money . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by [section] 51:1405" of the Act. La. Rev. Stat. Ann. § 51:1409(A); *see also Cheramie Servs. Inc. v. Deepwater Prod., Inc.*, 35 So. 3d 1053, 1057 (La. 2010). The LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. Ann. § 51:1405(A). "'Trade' or 'commerce' means the advertising, offering for sale, sale, or distribution of any services and any property . . . or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state." La. Rev. Stat § 51:1402(9).

As the U.S. Fifth Circuit Court of Appeals explained in *Tubos de Acero De Mexico S.A. v. Am. Int' Invest. Corp*.:

> To recover under LUTPA, a plaintiff must "prove some element of fraud, misrepresentation, deception or other unethical conduct." *Omnitech Intern., Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994). "A trade practice is unfair under the statute only when it offends established public policy and is immoral, unethical, oppressive or unscrupulous." *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000). What constitutes an unfair trade practice is determined by the courts on a case-by-case basis. *Omnitech Intern., Inc*., 11 F.3d at 1332.

292 F.3d 471, 480 (5th Cir. 2002).

---

[23]*See, e.g., Baker v. Petrolite Corp. v. Brent*, 2010 WL 924289 at *2 (E.D. La. Mar. 9, 2010) (citing *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 14 So. 3d 1 (La. Ct. App. 2009) *rev'd on other grounds*, 35 So. 3d 1053 (La. 2010)).

Plaintiff has alleged that he has suffered financial losses as a result of the services and advice rendered to him by Rowan, Jernigan, and CMG. As discussed above, plaintiff has adequately pled claims for fraudulent misrepresentation and fraudulent inducement against those defendants and, therefore, plaintiff has sufficiently alleged elements of "fraud, misrepresentation, deception or other unethical conduct,"[24] that may amount to unfair trade practices if proven at trial. Dismissal of plaintiff's LUTPA claims is not appropriate.

*E. Peremption of Plaintiff's LUTPA Claim*

The LUTPA provides that a private action "shall be prescribed by one year running from the time of the transaction or act which gave rise to the right of action." La. Rev. Stat. § 51:1409(E). "Louisiana courts have interpreted this period to be peremptive rather than prescriptive." *Tubos de Acero*, 292 F.3d at 481 n. 4 (citing *America's Favorite Chicken Co. v. Cajun Enters., Inc.*, 130 F.3d 180, 185 & n. 6 (5th Cir. 1997)); *c.f. Miller v. ConAgra, Inc.*, 991 So. 2d 445, 456 (La. 2008) (declining to address whether Louisiana Revised Statute 51:1409(E) is prescriptive or peremptive).

In *Tubos de Acero*, the Fifth Circuit held that the continuing violation doctrine applies to the LUTPA peremptive period.[25] 292 F.3d at 482. "[T]he theory of a continuing tort has its roots in property damage cases and requires that the operating cause of the injury be a continuous one which results in continuous damages." *Crump v. Sabine River Authority*, 737 So.2d 720, 726 (La.1999) (rehearing denied). "A continuing tort is occasioned by unlawful acts, not the

---

[24]*Tubos de Acero*, 292 F.3d at 480 (quoting *Omnitech*, 11 F.3d at 1332).

[25]Louisiana's Third Circuit Court of Appeals, however, has expressly held that the LUTPA's peremptive period is not subject to the continuing violation doctrine. *Glod v. Baker*, 899 So.2d 642, 648-49 (La. App. Ct. 2005), writ denied, 920 So.2d 238 (La. 2006). This Court is bound by the Fifth Circuit's ruling in *Tubos de Acero*. *See James v. New Century Mortg. Corp.*, 2006 WL 2989242 at *7 & n. 23 (E.D. La. Oct. 26, 2006).

continuation of the ill effects of an original, wrongful act." *Id.* at 728. The operating cause of the injury must be a continuous one which results in continuous damages. *Id.* at 726. The mere failure to remedy a wrong does not constitute a continuing tort. *Terrebonne Parish School Board v. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002).

The party raising the exception of prescription or, in this case, peremption, ordinarily bears the burden of proof demonstrating peremption. *Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1083 (La. 2009). However, when prescription or peremption is evident from the face of the pleadings, the plaintiff bears the burden of showing that the action has not prescribed or been peremped. *Id.*[26] When the plaintiff attempts to avail himself of the continuing tort theory, plaintiff bears the burden of establishing its applicability. *See Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877, 885-86; *In re Med. Review Panel for Maria Moses*, 788 So. 2d 1173, 177 (La. 2001). Peremptive statutes are strictly construed against peremption and in favor of the claim. *Rando*, 16 So.3d at 1083. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement, should be adopted. *Id*.

Defendants contend that plaintiff's LUTPA claim is peremped because it is based on conduct that occurred in 2007 and 2008 and plaintiff failed to file his complaint until March 16, 2010. Plaintiff argues that pursuant to *Tubos de Acero*, 292 F.3d 471, plaintiff's LUTPA claim did not accrue until March 31, 2009, when the contractual relationship between plaintiff and Rowan, Jernigan, and CMG ended.

---

[26]The rules governing the burden of proof as to prescription apply to peremption. *Rando*, 16 So.3d at 1083.

In *Tubos de Acero*, the Fifth Circuit held that the continuing violation doctrine applied where:

> TAMSA argues that American has not alleged conduct that is continuing in nature, but rather numerous separate and distinct breaches of contract giving rise to American's LUTPA counterclaim. We are not persuaded. During the entire term of the 1997 lease, TAMSA was under a statutory duty to perform its obligations under the lease in good faith. *See* La. Civ. Code. Ann. art. 1983 (West 1987). American alleged continuous unfair or deceptive actions by TAMSA throughout the lease period. . . . American's allegations that TAMSA violated its obligations under the lease and failed to comply with the duty of good faith are of a continuous nature, and may constitute an unfair trade practice should the factfinder so determine after trial of the case. LUTPA's peremptive period did not begin to run until the lease ended in May of 1999.

292 F.3d AT 482.

Plaintiff has alleged that throughout the course of his fiduciary relationship with Rowan, Jernigan, and CMG, those defendants made various fraudulent representations to defendant with respect to their qualifications to provide financial services and the applicability of exemptions under the 1933 Securities Act to his investments. Plaintiff has also alleged that when those defendants transferred funds from his bank account on three separate occasions, they told him that the money was being transferred to TAR when in fact it was transferred to Karl. Plaintiff has further alleged that on December 29, 2008, Rowan, Jernigan, and CMG transferred $20,000 out of plaintiff's bank account as an advance payment for their services to-be-provided from August 1, 2009 through July 31, 2010. Plaintiff alleges that he ended his relationship with Rowan, Jernigan, and CMG on March 31, 2009 and that those defendants have still not reimbursed him for services which they failed to provide. The Court finds that plaintiff has pled the existence of injuries and resulting damages throughout his contractual relationship with Rowan, Jernigan, and CMG that,

when viewed in the light most favorable to the plaintiff, may amount to a continuing violation that would toll the peremption period as to plaintiff's LUTPA claim.

## *CONCLUSION*

**IT IS ORDERED** that Rowan and CMG's and Jernigan's respective motions to dismiss are **GRANTED** with respect to plaintiff's claims against Rowan, Jernigan, and CMG for conspiracy to commit a breach of fiduciary duty and for conspiracy to violate § 12(a)(2) of the Securities Act of 1933 and that such claims are **DISMISSED.**

**IT IS FURTHER ORDERED** that Rowan and CMG's and Jernigan's respective motions to dismiss are **DENIED** with respect to plaintiff's claims for fraudulent misrepresentation, fraud in the inducement, civil conspiracy to commit fraud, civil conspiracy to commit conversion, civil conspiracy to commit violations of LUTPA, and plaintiff's claims for violations of LUTPA against Rowan, Jernigan, and CMG.

New Orleans, Louisiana, August 19, 2010

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**